ROBINSON v. LOWERY.

1. LIMITATION OF ESTATES—RESCISSION.—An estate in remainder vests upon execution of the deed, and cannot be defeated by life tenant by rescission of the deed.
2. MORTGAGES—SUBROGATION.—The mere payment of a mortgage on land by a purchaser, of which he had notice at time of purchase, does not entitle him to be subrogated to rights of mortgagee.

Before ALDRICH, J., Oconee, March, 1898. Affirmed.

Action by James N. Robinson *et al. v.* Thomas M. Lowery *et al.*, for possession of land. From judgment for plaintiffs, defendant, Lowery, appeals.

*Messrs. Jaynes & Shelor*, for appellant, cite: *Consideration of deed may be inquired into:* 27 Cal., 119; 20 L. R. A., 100; 23 S. C., 251; 21 S. C., 480; 34 Penn. St., 252. *Rescission of deed may be shown by parol:* Rice Eq., 84. *Appellant does not seek to enforce executory contract, but an executed one:* 34 S. C., 496; 29 S. C., 72. *Subrogation:* 46 S. C., 37; 114 Mass., 28. *Non-payment of consideration good ground for cancellation of deed:* 20 Con. S. C., 97; 3

Col. App., 295; 135 Ind., 655; 138 Ind., 354; 41 W. Va., 283. *Rents for improvements since purchase should not go to plaintiffs:* Rev. Stat., 1959; 15 S. C., 367; 17 S. C., 595; *Findings of fact in equitable issues may be reviewed on appeal:* 37 S. C., 579. *Failure to pass on competency of testimony is reversible error:* 41 S. C., 311.

*Mr. J. P. Carey*, contra, cites: *Written contract within statute of frauds cannot be varied by parol:* 63 U. S., 28; 29 S. C., 558; 31 S. C., 260; 100 Am. Dec., 169. *Deed cannot be defeated by failure to pay purchase money:* 44 Am. St. R., 85. *Cancelling deed does not divest the title:* 13 Rich. Eq., 85. *One improving life estate not entitled to betterments against remaindermen:* Gen. Stat., 1959; 5 Rich Eq., 301; 12 S. C., 449; 21 S. C., 475.

June 29, 1898. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action to recover possession of a parcel of land in the town of Seneca.

The defendants in their answer alleged the following as a defense to plaintiffs' action: "2. That on the 25th day of September, 1880, one Thomas Harper, who was the owner in fee simple of the premises described in paragraph 1 of the complaint, contracted to sell the said premises to one Susan A. Robinson for the sum of $125, conveyed the same to her, and took her note for the purchase money in the sum of $125, secured by a mortgage of the premises; that the said Susan A. Robinson made no payment of any part of the purchase money, and being unable to do so, on the 1st day of June, 1881, the said Thomas Harper paid her the sum of $1 to procure a release from said contract, which sum of $1 the said Susan A. Robinson accepted in full satisfaction thereof, and said contract of sale was thereby rescinded by and between the said Thomas Harper and Susan A. Robinson; and thereupon, on the 1st day of June, 1881, the said Thomas Harper contracted and sold said premises to Edith S. Bowles for $130, the deed of conveyance being

made by the said Susan A. Robinson, as a matter of convenience, the mortgage aforesaid being allowed to remain open, unsatisfied, and due; that on the 3d day of November, 1883, the said Edith S. Bowles and Thomas Harper sold said premises to M. N. Sitton and W. A. Holland, who paid off the aforesaid mortgage debt of Thomas Harper, and took a title deed to said premises from Edith S. Bowles; that Susan A. Robinson, from, through and by whose purchase the plaintiffs claim said premises, never parted with anything of value therefor, neither did John Robinson nor any one or more of these plaintiffs part with anything of value for said premises, and these plaintiffs, neither as purchasers nor as heirs at law of either John Robinson, now deceased, or of Susan A. Robinson, now deceased, have any right, title or interest of, in or to said premises, or any part thereof; that through regular chain of successive conveyances for full value from M. N. Sitton and W. A. Holland, the said premises are now owned in fee by the defendant, Thomas M. Lowery, who by his tenant, H. O. Harbin, is in lawful possession theroof."

His Honor, Judge Aldrich, filed the following decree: "The above stated case was heard by me, a jury trial having been duly waived by the plaintiffs and defendants. I am satisfied that the legal title to the lot sought to be recovered in this action is in the plaintiffs, and that they are entitled to the possession thereof, and to recover from the defendant, Thomas M. Lowery, as rents on said property, the sum of $5 per month since the death of the life tenant, Susan A. Robinson, who died on the 20th day of April, 1897, less $10, the taxes paid by the said defendant on said land. It is, therefore, ordered, adjudged, and decreed, that the plaintiffs do recover of the defendant the premises sued for in this action, and described in the complaint, and that they have judgment against the defendant, Thomas M. Lowery, for the sum of $41.65 for rents thereof, and that plaintiffs have leave to enter up judgment and issue execution for the same, together with the costs of this action."

The defendants appealed upon exceptions, which will not be considered *seriatim*, as several of the questions raised by them are rendered speculative, under the views which the Court takes of the case.

The deed of Thomas Harper conveyed the land to Susan A. Robinson, "during her natural life, and at her death to descend to the children of her said husband, John Robinson, by her and a former wife, and all their heirs and assigns, forever." The plaintiffs are the children just mentioned. When Thomas Harper conveyed the land, the children mentioned in the deed took vested remainders, which Susan A. Robinson did not have the power to defeat, even prior to the act of 1883, which provides, "That no estate in remainder, whether vested or contingent, shall be defeated by any deed of feoffment with livery of seizin." Acts of 1883, page 430. The plaintiffs were not parties to the alleged agreement to rescind, entered into between Thomas Harper and Susan A. Robinson, and were not bound by it. Upon the death of Susan A. Robinson the plaintiffs became entitled to the possession of the land, together with the rents thereof, and the Circuit Judge was correct in so adjudging.

We will next consider the defense hereinbefore mentioned. The answer of the defendants alleges that when, after the rescission hereinbefore mentioned, the land was conveyed by Susan A. Robinson, instead of Thomas Harper, as a matter of convenience, the mortgage aforesaid was "allowed to remain open, unsatisfied, and due." Edith S. Bowles, the defendant's grantor, under this allegation, took the deed of conveyance subject to this mortgage. The defendants do not allége that Thomas M. Lowery, or any of his grantors tracing title from Edith S. Bowles, purchased the land without notice of said mortgage. When, therefore, M. N. Sitton and W. A. Holland, to whom the land was conveyed, paid the mortgage aforesaid, they did not become subrogated to the rights of the mortgagee. *McLure* v. *Melton*, 34 S. C., 377. If Edith S.

Bowles, as alleged, took a conveyance of the land under the agreement that the mortgage should remain a subsisting lien, then the land was the *primary* security for its payment, and if she desired to relieve the land of its burden, it was her duty to pay the mortgage. There are no allegations in the answer that the defendants' rights and equities are greater than those of Edith S. Bowles, except the payment of the mortgage, which it has been shown did not, by sub-rogation, clothe Sitton and Holland with the rights of the mortgagee. The Circuit Judge was not in error in refusing to sustain the aforesaid defense.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.